# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IN RE: M. Davis Management, Inc.,
Debtor.**

_____

**M. DAVIS MANAGEMENT, INC.,**

    **Appellants,**

**-vs-**                                                     **Case No. 6:11-cv-1496-Orl-28**

**MICHELE ZINK and DENNIS ZINK,**

    **Appellees.**

**Bankr. Ct. Case No. 6:09-bk-02071-KSJ
Adversary Proc. No. 6:10-ap-00237-KSJ**

_____

## ORDER

This case is before the Court on the Motion for Leave to Appeal (Doc. 1-1) filed by Dennis and Michele Zink ("the Zinks"). The Zinks seek leave to appeal an interlocutory order of the bankruptcy court striking their demand for a jury trial as untimely filed. The debtor, M. Davis Management, Inc., opposes the motion. (Doc.1-3).

A district court may grant leave to appeal an interlocutory bankruptcy court order. 28 U.S.C. § 158(a). "In determining when to exercise [its] discretionary authority [to grant leave to appeal], a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b)." Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.), 187 B.R. 746, 749 (M.D. Fla. 1995). "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion

among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." Id.

The Zinks assert that each of these elements is satisfied here, but this Court is not persuaded. Moreover, it has been recognized that "[r]ulings[] granting or denying jury trials . . . are subject to the most exacting scrutiny on appeal," and "[i]f the bankruptcy court erred, and if [the Zinks are] harmed thereby, such can be remedied on an appeal [from] a final judgment." City Bank & Trust Co. v. Stiles (In re Stiles), 29 B.R. 389, 391 (M.D. Tenn. 1982) (citation and internal quotation omitted).

Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion for Leave to Appeal (Doc. 1-1) is **DENIED**. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 21st day of October, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party